O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL D. MORALES, | Case No. SACV 12-1740-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

///

///

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 4, 7.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 5 at 3.)

1

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)     Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility;

(2)     Whether the ALJ properly considered the opinion of the treating physician; and

(3)     Whether the ALJ properly considered Plaintiff's mental limitation.

(JS at 3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

2

# III.

# DISCUSSION

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of bipolar disorder, not otherwise specified, obesity, and headaches.  (Administrative Record ("AR") at 19.)  The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with a limitation to simple, repetitive tasks.  (Id. at 20.)  Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was not capable of performing her past relevant work but could perform alternative work as a laundry worker II, assembler, and packager.  (Id. at 24.)

**B.   The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff contends that the ALJ improperly rejected Plaintiff's subjective complaints of impairment without proper explanation.  (JS at 3-5, 8-10.)  Plaintiff contends that although the ALJ discussed the medical and opinion evidence, he failed to specifically state how this evidence relates to Plaintiff's credibility. Plaintiff also contends that the ALJ improperly rejected Plaintiff's credibility based upon her physical impairments, whereas her testimony primarily concerned her mental limitations.  (Id. at 4.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment that could reasonably be expected to cause the symptoms alleged, the

1  ALJ may only discredit the claimant's testimony regarding subjective pain by
2  providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.
3  Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding must
4  be properly supported by the record and sufficiently specific to ensure a reviewing
5  court that the ALJ did not arbitrarily reject a claimant's subjective testimony.
6  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

7        An ALJ may properly consider "testimony from physicians . . .  concerning
8  the nature, severity, and effect of the symptoms of which [claimant] complains,"
9  and may properly rely on inconsistencies between claimant's testimony and
10 claimant's conduct and daily activities.  See e.g., Thomas v. Barnhart, 278 F.3d
11 954, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he
12 nature, location, onset, duration, frequency, radiation, and intensity" of any pain or
13 other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,
14 effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than
15 medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities";
16 "unexplained, or inadequately explained, failure to seek treatment or follow a
17 prescribed course of treatment"; and "ordinary techniques of credibility
18 evaluation," in assessing the credibility of the allegedly disabling subjective
19 symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20
20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,
21 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on
22 conflict between claimant's testimony of subjective complaints and objective
23 medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.
24 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily
25 activities inconsistent with total disability, and helpful medication); Johnson v.
26 Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that
27 only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748,
28 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the

4

1  lack of side effects from prescribed medication).

2       Here, the ALJ provided clear and convincing reasons for finding Plaintiff's

3  subjective complaints of impairment less than credible.  First, the ALJ rejected

4  Plaintiff's credibility because her reported activities of daily living were

5  inconsistent with her alleged disability.  (AR at 19, 23.)  Daily activities may be

6  grounds for an adverse credibility finding "if a claimant is able to spend a

7  substantial part of his day engaged in pursuits involving the performance of

8  physical functions that are transferable to a work setting."  Fair v. Bowen, 885 F.2d

9  597, 603 (9th Cir. 1989); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.

10 2005) (adverse credibility finding based on daily activities may be proper "if a

11 claimant engaged in numerous daily activities involving skills that could be

12 transferred to the workplace").  Plaintiff admitted during the hearing and through

13 forms related to her disability application that she could shop, cook, use public

14 transportation, do laundry, dust, vacuum, and babysit for her niece.  (AR at 52, 55,

15 213-14.)  The ALJ found that Plaintiff's ability to maintain such a high level of

16 daily activities is inconsistent with her allegations of total disability.  This was a

17 clear and convincing reason for rejecting Plaintiff's credibility.  See Thomas, 278

18 F.3d at 958-59 (inconsistency between claimant's testimony and claimant's

19 conduct supported rejection of the claimant's credibility); Verduzco v. Apfel, 188

20 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and

21 actions cited as clear and convincing reason for rejecting the claimant's testimony).

22      Next, the ALJ discounted Plaintiff's allegations that pain in her Achilles

23 tendon, hands, and neck contributes to her total disability.  (AR at 22.)  The ALJ

24 noted that her complaints of multiple joint pain were not corroborated by the

25 objective evidence.  (Id.)  For example, the ALJ noted that an MRI of Plaintiff's

26 lumbar spine showed only mild disc findings.  (Id. (citing id. at 289).)  Similarly,

27 despite complaints of severe pain in her Achilles tendon, Plaintiff was found to

28 have a  normal gait, and her joints were not inflamed or tender.  (Id. (citing id. at

5

349-54, 396-98).)  In addition, although Plaintiff has a history of headaches, a neurological examination was within normal limits, and an MRI of Plaintiff's head showed no abnormalities aside from sinus disease.  (Id. (citing id. at 407-16.)  Of course, an ALJ "may not reject a claimant's subjective complaints based *solely* on a lack of objective medical evidence to fully corroborate the alleged severity of pain."  Bunnell, 947 F.2d at 345 (emphasis added).  However, such a factor remains relevant.  Burch, 400 F.3d at 680-81 (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Morgan, 169 F.3d at 600 (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record).  Here, the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints of pain in her Achilles tendon and various joints in rejecting her credibility.  Accordingly, this was a clear and convincing reason for rejecting Plaintiff's credibility.

The ALJ further noted that the findings of the examining consultative physicians did not support Plaintiff's subjective complaints.  (Id.)  An examination by a consultative examining internist, Rocely Ella-Tamayo, M.D., revealed no deformity, inflammation, tenderness, or spasm in Plaintiff's back or joints.  (AR at 353.)  Dr. Ella-Tamayo also determined that Plaintiff had a normal range of motion.  (Id.)  Dr. Ella-Tamayo opined that Plaintiff remained capable of performing a full range of medium work, with no sitting, standing, or walking restrictions.  (Id.)  Similarly, an examination by Thomas Powell, M.D., a rheumatologist, noted that despite some plantar and/or calcaneal spurs in her feet as well as mild hallux valgus, and MTP degenerative changes, Plaintiff had a normal gait and normal joints throughout the upper and lower extremities, without inflammation or tenderness.  (Id. at 22 (citing id. at 396-98).)  The findings of the examining physicians is yet another clear and convincing reason for rejecting Plaintiff's subjective complaints of impairment.

1    Plaintiff also contends that the ALJ failed to properly evaluate her credibility
2    because he focused solely on her testimony regarding her physical impairments,
3    rather than her mental impairments.  (JS at 4.)  However, the ALJ determined that
4    Plaintiff's alleged mental impairments were non-severe at Step Two of the
5    sequential evaluation (AR at 19-20), a finding which Plaintiff does not challenge
6    here.  Moreover, the ALJ did in fact discuss and properly find less than credible
7    Plaintiff's testimony with respect to her alleged mental impairments.  (Id.)

8        Based on the foregoing, the Court finds that the ALJ's credibility finding
9    was supported by substantial evidence, and was sufficiently specific to permit the
10   Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
11   testimony.  Thus, there was no error.

12   **C.    <u>The ALJ Properly Considered the Opinion of Plaintiff's Treating</u>**
13   **<u>Physician.</u>**

14       Plaintiff claims that the ALJ failed to properly evaluate the evidence from
15   Plaintiff's treating physician, Alec Shirzadi, D.O.  (JS at 10-12, 16-18.)  In a
16   Mental Assessment dated April 25, 2010, Dr. Shirzadi opined that Plaintiff had
17   numerous moderate and marked limitations in her ability to sustain various work-
18   related activities over a normal workday.  (AR at 469-72.)  Plaintiff contends that
19   the ALJ failed to provide legally sufficient reasons for rejecting Dr. Shirzadi's
20   April 25, 2010, opinion.  (JS at 10.)

21       It is well established in the Ninth Circuit that a treating physician's opinion
22   is entitled to special weight, because a treating physician is employed to cure and
23   has a greater opportunity to know and observe the patient as an individual.
24   <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating
25   physician's opinion is not, however, necessarily conclusive as to either a physical
26   condition or the ultimate issue of disability."  <u>Magallanes v. Bowen</u>, 881 F.2d 747,
27   751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on
28   whether it is supported by sufficient medical data and is consistent with other

evidence in the record.  20 C.F.R. §§ 404.1527(d), 416.927(d).  Where the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, as it is here, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Thomas, 278 F.3d at 957 (citation omitted) (quotation omitted).

Here, the ALJ gave several reasons for failing to give Dr. Shirzadi's April 25, 2010, opinion controlling weight, each of which is supported by substantial evidence in the record.  First, the ALJ noted that Dr. Shirzadi's opinion "lack[ed] any kind of narrative explanation outlining the foundation for his opinion as to why the claimant would have this degree of restriction."  (AR at 22.)  The ALJ was entitled to discount Dr. Shirzadi's check-box form because it failed to provide any supporting explanation or medical evidence.  See, e.g., Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (conclusory findings in the form of a checklist properly rejected); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected three doctor's evaluations because they were check-off reports that did not contain any explanation for the bases for their conclusions).

Plaintiff contends that the fact that Dr. Shirzadi's April 25, 2010, opinion is conclusory is immaterial because the treatment notes from Orange County Health Care, where Dr. Shirzadi was employed, support Dr. Shirzadi's finding of moderate to marked functional limitations.  (JS at 10-11.)  Plaintiff's argument is unpersuasive for two reasons.  First, Plaintiff contends that Dr. Shirzadi's opinion

8

1  was supported by the fact that she was given a Global Assessment of Functioning
2  ("GAF") score of 45.[3]  However, the Commissioner has no obligation to credit or
3  even consider GAF scores in the disability determination.  See 65 Fed. Reg. 50746,
4  50764-65 (August 21, 2000) ("The GAF scale . . . is the scale used in the
5  multiaxial evaluation system endorsed by the American Psychiatric Association.  It
6  does not have a direct correlation to the severity requirements in our mental
7  disorders listings."); Orella v. Astrue, No. 1:06-cv-1166 OWW TAG, 2008 WL
8  398834, at *9 (E.D. Cal. 2008) ("While a GAF score may help the ALJ assess
9  Claimant's ability to work, it is not essential and the ALJ's failure to rely on the
10  GAF does not constitute an improper application of the law."); see also Howard v.
11  Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002).

12       Second, it is unclear whether the Orange County Health Care treatment notes
13  to which Plaintiff cites as support for Dr. Shirzadi's April 25, 2010, Mental
14  Assessment were in fact reviewed by Dr. Shirzadi when forming his opinion.  All
15  of the progress notes to which Plaintiff cites were apparently composed and signed
16  by Katheryn L. Whitaker, LMFT.[4]  (See, e.g., AR at 419, 421-22, 424, 426, 434,
17  437-38, 440).  There is no indication in the record that Dr. Shirzadi either referred
18  to or relied upon these treatment notes when forming his April 25, 2010, opinion.

19       The ALJ also rejected Dr. Shirzadi's opinion because his finding of
20  moderate to marked functional limitations were not supported by his own medical
21  records.  (AR at 22.)  The ALJ considered the treatment notes from Orange County

22  _____

23       [3] A GAF score of 41 to 50 indicates serious symptoms (e.g., suicidal
     ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment
24   in social, occupational, or school functioning (e.g., no friends, unable to keep a
25   job). Diagnostic and Statistical Manual of Mental Disorders 34 (Am. Psychiatric
     Ass'n ed., 4th ed. 2000 ("DSM-IV").
26

27       [4] The Court notes that a licensed marriage and family therapist ("LMFT") is
     not considered an acceptable medical source under the Social Security Regulations.
28   See 20 C.F.R. §§ 404.1502, 404.1513.

1   Health Care where Dr. Shirzadi was employed and determined that these medical

2   records did not support Dr. Shirzadi's findings.  (<u>Id.</u> (citing <u>id.</u> at 417-67.)  The

3   Court's own review of these medical records reveals that most of the mental status

4   examinations revealed largely normal results and that Plaintiff was generally

5   compliant with her medication and treatment plans.  Plaintiff was also noted to

6   generally have average affect, congruent mood, was oriented, maintained eye

7   contact, and was cooperative throughout the session.  (<u>See, e.g.</u>, AR at 418-24,

8   426, 434, 437, 438, 440.)  The ALJ's finding that the treatment records did not

9   support Dr. Shirzadi's finding of marked functional limitations was a proper reason

10  for the ALJ to reject Dr. Shirzadi's opinion.  <u>See</u> 20 C.F.R. § 404.1527(c)(2); <u>see</u>

11  <u>also</u> <u>Johnson</u>, 60 F.3d at 1432 (holding that ALJ properly rejected physician's

12  determination where it was "conclusory and unsubstantiated by relevant medical

13  documentation").

14          Finally, the ALJ rejected Dr. Shirzadi's April 25, 2010, Mental Assessment

15  because it was contradicted by the opinion of psychiatrist, Can Tang, M.D.  (AR at

16  21- 22.)  For example, in a Mental Disorder Questionnaire Form dated March 19,

17  2008, Dr. Tang found that Plaintiff exhibited responsive interactions, had

18  appropriate affect, made eye contact, had a fair memory, and had appropriate

19  mood.  (<u>Id.</u> at 333-37.)  Dr. Tang opined that Plaintiff was "stable with medication

20  treatment, psychiatric care and case management assistance."  (<u>Id.</u> at 337.)  Thus,

21  Dr. Tang's opinion, which contradicts Dr. Shirzadi's assessment, provides support

22  for the ALJ's rejection of Dr. Shirzadi's opinion.  <u>Thomas,</u> 278 F.3d at 957;

23  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); <u>see also</u> <u>Orn v. Astrue,</u>

24  495 F.3d 625, 632 (9th Cir. 2007) (ALJ may reject opinion of treating physician in

25  favor of examining physician whose opinion rests on independent clinical

26  findings).

27          Plaintiff contends that Dr. Tang's March 19, 2008, opinion should not be

28  credited because Plaintiff's condition worsened between April and November

10

1   2008.  (JS at 17 (citing AR at 432, 435, 439, 440, 441).)  However, the Court's
2   own review of these records, which indicate some changes in Plaintiff's mood such
3   as greater irritability and flat affect, clearly do no support Plaintiff's contention that
4   her mental condition "deteriorated."  Rather, it is clear from a review of the cited
5   treatment records that Plaintiff's alleged worsening condition was largely due to
6   Dr. Tang's adjustment of Plaintiff's medication, which she herself requested due to
7   her reports of negative side effects.  Accordingly, a review of Dr. Tang's treatment
8   records as a whole supports the ALJ's conclusion that Dr. Shirzadi's opinion was
9   contradicted by Dr. Tang's.

10        In sum, the ALJ provided several reasons for failing to give Dr. Shirzadi's
11  opinion controlling weight, each of which is supported by substantial evidence in
12  the record.  Thus, there was no error.

13  **D.    The ALJ Properly Considered Plaintiff's Mental Impairment.**

14        Plaintiff contends that the ALJ erred by failing to discuss evidence of
15  Plaintiff's mental retardation.  (JS at 18-19, 20-21.)  Plaintiff contends that the
16  evidence supports a finding that she has mental retardation because she was in
17  special education classes while in school and because there are several references
18  in the Orange County Mental Health records concerning mental retardation.  (Id. at
19  18 (citing AR at 419, 421-22, 424, 426, 434, 437-38, 440).)  Plaintiff claims that
20  the ALJ should have included mental retardation in his determination of Plaintiff's
21  RFC.  (Id. at 18.)

22        A disability applicant bears the burden of proving disability and must
23  provide medical evidence demonstrating the existence and severity of an alleged
24  impairment.  Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).  Here, there
25  is no evidence in the record, aside from Plaintiff's self-reported claims that she was
26  in special education classes in school, to support her contention that she suffers
27  from an impairment of  mental retardation.  "A physical or mental impairment
28  must be established by medical evidence consisting of signs, symptoms, and

11

1  laboratory findings, not only by your statement of symptoms."  20 C.F.R. §

2  416.908; see also Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005)

3  (interpreting regulations and Social Security Rulings and concluding that a

4  disability claimant cannot establish an impairment based upon subjective symptom

5  testimony alone).  All of the records to which Plaintiff cites in support of her claim

6  of mental retardation are medical records from Orange County Mental Health,

7  which merely report Plaintiff's own claim that she was in special education classes.

8  This is clearly insufficient to establish a mental impairment.

9         Plaintiff also contends that the ALJ had a duty to more fully develop the

10  record regarding her alleged mental retardation.  (JS at 18.)  Although a claimant

11  bears the initial burden of proving disability, an ALJ has a "duty to develop the

12  record fully and fairly and to ensure that the claimant's interests are considered,

13  even when the claimant is represented by counsel."  Mayes, 276 F.3d at 459.  An

14  ALJ's duty to augment an existing record is triggered "only when there is

15  ambiguous evidence or when the record is inadequate to allow for proper

16  evaluation of the evidence."  Id. (citing Tonapetyen v. Halter, 242 F.3d 1144, 1150

17  (9th Cir. 2001)).

18         Here, however, there were no ambiguous medical records or conflicting

19  medical findings that would trigger the ALJ's duty to develop the record.  As

20  discussed above, there was simply no evidence in the record that Plaintiff suffered

21  from mental retardation, aside from her own self-reports.  Thus, the ALJ had no

22  duty to further develop the record.

23         Because there was no acceptable evidence in the record to support a mental

24  impairment of retardation, the ALJ did not err in failing to discuss Plaintiff's

25  alleged mental retardation.  Accordingly, Plaintiff is not entitled to relief on this

26  claim.

27                              **IV.**

28                            **ORDER**

1      Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be

2  entered affirming the decision of the Commissioner, and dismissing this action

3  with prejudice.

4

5  Dated: May 21, 2013

6                                          HONORABLE OSWALD PARADA
                                           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28